# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS TERWAY, *et al.*, | ) |
| Plaintiff, | ) Case No. 2:16-cv-01587-GMN-GWF |
| vs. | ) **ORDER** |
| SYNGENTA SEEDS, LLC, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants Syngenta Biotechnology, Inc., Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc., and Syngenta Seeds, LLC's Motion to Stay (ECF No. 9), filed on July 15, 2016. Plaintiffs Thomas Devney, Sherwood Dixon, Donald Kemna, Sharon Kemna, and Brent Small filed their Response (ECF No. 14) on July 21, 2016. Defendants filed their Reply (ECF No. 15) on August 1, 2016. The Court conducted a hearing in this matter on August 16, 2016.

## BACKGROUND

This matter was removed from the Eighth Judicial District Court on July 5, 2016. (ECF No. 1). Plaintiffs filed their Motion to Remand to State Court (ECF No. 13) on July 21, 2016. Defendants request a stay pending the resolution of whether the Judicial Panel on Multidistrict Litigation ("JPML") will transfer this case into Multidistrict Litigation ("MDL") proceeding in the United States District Court for the District of Kansas. This matter has been conditionally transferred, but Plaintiffs have filed an objection to the Conditional Transfer Order. See *Motion to Stay*, (ECF No. 9), pg. 3. Defendants argue that the Court should impose a stay pending MDL transfer because it will promote judicial economy, will prevent prejudice to Defendants by preventing duplicative litigation and

potentially inconsistent rulings, and will not prejudice Plaintiffs. *Id.* at pg. 7-10. Plaintiffs argue that the subject matter jurisdiction argument set forth in their Motion to Remand should be addressed prior to ruling on Defendants' Motion to Stay because it will promote efficiency and fairness. *Opposition*, (ECF No. 14), pg. 10-13. Plaintiffs argue that they will be prejudiced by a stay because it will affect Plaintiffs' timely ability to pursue their claims as their Motion to Remand will be deferred to the MDL. *Id.*

## **DISCUSSION**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). District courts have the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936). Courts consider the following factors when deciding whether to grant a motion to stay proceedings pending the MDL panel's decision: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party; and (3) the judicial resources that would be saved by avoiding duplicative litigation..." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *2 (E.D. Cal. May 15, 2014). Some courts have been persuaded by the proposition that judicial economy is best served by deciding jurisdictional issues as early in the litigation as possible and before final transfer to the MDL Court. *Dent v. Lopez*, 2014 WL 3615784, at *5 (E.D. Cal. July 22, 2014); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004). Other courts have held that "deference to the MDL court for resolution of a motion to remand often provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system." *Little v. Pfizer*, Inc., 2014 WL 1569425, at *2 (N.D. Cal. Apr. 18, 2014); *Rifenberry v. Organon USA, Inc.*, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014). "Allowing the transferee judge to rule on the motion to remand provides for consistent treatment of similar issues and may reduce the burden on litigants and the judiciary." *Pate v. DePuy Orthopaedics, Inc.*, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (citing *Moore v. Wyeth-Ayerst Labs.*, 236 F.Supp.2d 509, 512 (D. Md. 2002). Courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case. *Hernandez v. ASNI, Inc.*, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015). That is especially true when the MDL has already issued a conditional transfer order because any "delay is typically brief and a stay would further

the aim of judicial efficiency." *Id.*

The Court concludes that the factors weigh in favor of staying the instant action pending the JPML's decision on whether to transfer this action to the MDL Court. The same issue concerning diversity subject matter jurisdiction in three related cases is currently pending before the MDL Court. Although Plaintiff's Motion to Remand may be briefly delayed as a result of the stay, the interest in efficiency and uniformity outweighs the potential prejudice of a delay in these circumstances. The risk of inconsistent rulings and duplicative litigation warrants granting Defendants' Motion to Stay. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay (ECF No. 9) is **granted**.

DATED this 19th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge